IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| George B. Hawkins, </br>     Petitioner, | ) </br> ) </br> ) |
| v. | )     1:16cv1571 (CMH/IDD) </br> ) |
| Harold Clarke, </br>     Respondent. | ) </br> ) |

## MEMORANDUM OPINION

George B. Hawkins, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction of multiple offenses in the Circuit Court of the City of Richmond. The matter is now before the Court on respondent's Motion to Dismiss the petition, to which petitioner has filed an opposition. After careful consideration, for the reasons which follow, the Motion to Dismiss must be granted.

### I. Background

Following a jury trial, Hawkins was convicted of attempted murder, aggravated malicious wounding, possession of cocaine with intent to distribute, and two counts of use of a firearm in the commission of a felony. By a final order entered on August 19, 2010, he was sentenced to 78 years incarceration with 63 years suspended. Case Nos. CR10-F-2318, -2320, -2323, -2324, and -2328.

Hawkins was granted a belated direct appeal by the Court of Appeals of Virginia, which ultimately refused the petition for appeal on October 9, 2012. Hawkins v. Commonwealth, R. No. 0393-12-2 (Va. Ct. App. Oct. 9, 2012). The Supreme Court of Virginia refused Hawkins' application for further review on August 20, 2013. Hawkins v. Commonwealth, R. No. 130751

(Va. Aug. 20, 2013). [Dkt. No. 18, Ex. 3][1]

On August 18, 2014, Hawkins timely filed a pro se petition for a state writ of habeas corpus in the Supreme Court of Virginia, raising the same claims he makes in this federal petition. The petition was dismissed on July 15, 2015. Hawkins v. Clarke, R. No 141252 (Va. July 15, 2015). [Dkt. No. 18, Ex. 1]

On April 21, 2016, Hawkins filed a second pro se petition for state habeas corpus relief, arguing that he was denied effective assistance of counsel in the earlier habeas corpus proceeding because an attorney with whom he had consulted did not file a motion for rehearing after the petition was dismissed. The Supreme Court of Virginia dismissed the petition on October 14, 2016, on the holding that allegations that a petitioner received ineffective assistance in an earlier habeas corpus proceeding are not cognizable in habeas corpus. Hawkins v. Clarke, R. No. 160762 (Va. Oct. 14, 2016). [Dkt. No. 18, Ex. 2]

Hawkins then turned to the federal forum and filed this application for §2254 relief on December 5, 2016. See Dkt. No. 1, "Certificate of Service."[2] In it, he raises claims that he was denied due process when a prosecution witness was allowed to testify falsely, and that he received ineffective assistance of counsel for three reasons. On April 21, 2017, respondent filed a Motion to Dismiss the petition accompanied by a supporting memorandum of law, and

---

[1] The docket of this case reflects that records were received from the Supreme Court of Virginia on May 9, 2017. [Dkt. No. 13] However, despite repeated searches those records cannot be located, and as a result counsel for respondent has provided copies of the records for use in adjudicating this petition. [Dkt. No. 18]

[2] For federal purposes, a petition from an unrepresented incarcerated litigant is deemed filed when the prisoner delivers his pleading to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988).

2

supplied petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1978) and Local Rule 7(K). [Dkt. No. 6-9] Hawkins subsequently submitted a Brief in Opposition to the Motion to Dismiss. [Dkt. No. 12] Accordingly, this matter is now ripe for disposition.

## II. The Petition is Untimely

A §2254 petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

In this case, the Supreme Court of Virginia refused Hawkins' petition for review on direct appeal on August 20, 2013. Therefore, the conviction became final ninety (90) days later, on November 18, 2013, when the time expired during which he could have petitioned the United States Supreme Court for a writ of certiorari. See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007). Thus, the §2254(d) one-year limitations period began to run on that date.

In calculating the § 2254(d) limitations period, a court must exclude the time during which properly-filed state collateral proceedings pursued by the petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, the limitations period ran for 273 days

3

before Hawkins filed his first state habeas petition on August 18, 2014. That petition was denied and dismissed on July 15, 2015, and the limitations period thereafter ran unchecked for an additional 279 days until Hawkins filed his second state habeas application on April 2, 2016. Since by then a total of 452 days of untolled time had elapsed since Hawkins' conviction became final, the limitations period expired prior to the date the second state habeas action was filed. Accordingly, the second state proceeding could no longer toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") Thus, when this federal petition was filed on December 5, 2016, it was time-barred.

### III. No Equitable Tolling

In the Memorandum of Law Hawkins has incorporated in the initial petition [Dkt. No. 1] and again in his Brief in Opposition to Motion to Dismiss [Dkt. No. 12], Hawkins argues that the limitations period should be equitably tolled in his case because he received ineffective assistance of counsel in his first state habeas corpus proceeding. The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, 560 U.S. 631 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate

cases."). To qualify for equitable tolling, a petitioner must demonstrate both (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649, citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A petitioner asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate fulfillment of both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 12304, 1307 (11th Cir. 2008)). The petitioner generally is obliged to specify the steps he took in diligently pursuing his federal claim. Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). In addition, the petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). It is widely recognized that equitable tolling is to be applied only infrequently. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

Here, Hawkins contends that the lateness of the instant petition should be excused because an attorney who assisted him in his first state habeas corpus action, Brent Jackson, failed to file a motion for rehearing on petitioner's behalf after the petition was denied. [Dkt. No. 1, Memo. of Law § K] The exhibits Hawkins has provided do not support his argument.

On May 2, 2014, a paralegal in Mr. Jackson's law firm addressed a letter to the records department at petitioner's institution seeking to be provided with a copy of his file. In that letter she stated that the office was "retained" to assist Hawkins in a postconviction matter. [Dkt. No. 1, Memo. of Law, Ex. A] On July 28, 2014, however, Mr. Jackson wrote a letter to Hawkins'

5

father in which he clearly explained that he had been retained to investigate petitioner's case but had not yet been retained to prepare documents on his behalf:

> ... As discussed this firm was initially paid a fee of $2500.00 to investigate your son's case. In the course of investigation it was ascertained that your son has a habeas corpus deadline date of August 20, 2014. ...
>
> As stated, this office wishes to proceed in drafting the petition for writ of habeas corpus, and filing it with the Supreme Court of Virginia by the August 20, 2014 due date, however, before we can commence in doing such, we must be retained. As such, until we receive a payment, we are unable to commence the process of document preparation.
>
> Because time is of the essence, this firm will need $2500.00 down and will accept the remaining $2500.00 in payments.

[Dkt. No. 1, Memo. of Law, Ex. B]

The next exhibit petitioner supplies is a letter Mr. Jackson wrote to petitioner's father on January 6, 2016, in response to an inquiry from the Virginia State Bar. As to the issue at hand, Mr. Jackson stated:

> This office was initially requested by your [sic] to investigate your son's case. The investigation fee was in the amount of $2500.00. You were not able to pay the amount in the required lump sum and as such this office made allowances for you to make said payment in installments. ...
>
> \* \* \*
>
> While continuing our investigation, you and your son decided to file a Writ pro se, which means without an attorney. It appears, from our conversations during your "visits" that you were doing most of the work. Because you were asking a multitude of questions and revisions were needed, which required me to spend time advising you, it was agreed that I would assist you. Because my time and advice was my stock in trade, which you acknowledged, we agreed that I would advise you at a fee of $2500.00. Once again, since you were not able to pay the amount in a lump sum, I let you pay the

> office in increments.
>
> [After the Commonwealth filed a Motion to Dismiss] I suggested that I should file a Motion to Rehear, because it was my expectation that the case would be dismissed. While the Supreme Court was making its deliberation, you were hospitalized at the Veterans Administration. During your stay it appears the Supreme Court made a decision and because you were hospitalized we never received the Court's decision via our usual protocol of you dropping off the document. [FN] ...
>
>> [FN] Since I was not attorney of record, all documentation went to your son and you would bring us a copy by.
>
> I later found out when I visited your son at Lawrenceville Correctional Center that he had sent us a copy of the Court's Final Order, but had sent it to Joe Martin, one of my employees. Mr. Martin not being familiar with your son's case, since he had not been working on it, passed it along to Lisa Lauer, who was not aware of the time constraints. By the time it got to me the time period to file a Motion to Rehear had expired.

[Dkt. No. 1, Memo. of Law, Ex. C]

On January 29, 2016, the Virginia State Bar sent petitioner a letter stating that it would not take further action regarding the situation with attorney Jackson because it does not open disciplinary cases on dissatisfaction with the quality of lawyers' representation of clients in criminal cases. [Dkt. No. 1, Memo. of Law, Ex. E] Hawkins apparently responded with a request that the Bar review its decision, and on March 30, 2016 the Bar responded with a letter declining to do so. After reciting the facts as reflected in Mr. Jackson's letter quoted above, the Bar concluded:

> While this course of events is regrettable, the situation does not change our analysis of whether Mr. Jackson should be prosecuted for failing to take action on your *habeas corpus* denial in the time frame in which you wanted additional action. In short, if you or your father's agreement did not specifically include Mr. Jackson's agreement to be your attorney of record with the court, he had no duty

7

>to be responsible for taking action in that court case by any deadlines that might apply. Attorneys are allowed to give advice without taking on the ultimate responsibility of appearing in court with a client on the client's behalf.

[Dkt. No. 1, Memo. of Law, Ex. D at 1]

Against this backdrop, it is apparent that Hawkins is not entitled to equitable tolling of the limitations period based on attorney Jackson's failure to file a motion for rehearing in the first state habeas action, for two reasons. First, it is clear that Jackson had no objective responsibility to file such a motion. He was not retained for such a purpose and was never counsel of record in Hawkins' 2014 habeas proceeding, which Hawkins filed pro se. Indeed, since Jackson was not counsel of record, he did not learn that Hawkins' pro se petition had been denied until after the deadline for filing a motion for rehearing had already passed. [Dkt. No. 1, Memo. of Law, Ex. C] Thus, Hawkins' argument that the failure to file a motion for rehearing in the 2014 habeas action was Jackson's responsibility rather than his own is misplaced.

Second and perhaps more important for purposes the equitable tolling analysis, attorney Jackson made it very clear in his correspondence of July 28, 2014 that he would not be filing any documents on Hawkins' behalf in the habeas action until he was retained to do so, and that "until we receive a payment, we are unable to commence the process of document preparation." [Dkt. No. 1, Memo. of Law, Ex. B] When the habeas petition was denied by the Supreme Court of Virginia on July 15, 2015, 77 days remained before the § 2254(d) limitations period would expire.[3] Nonetheless, Hawkins took no action on his own behalf; despite having been advised

---

[3] As noted above, the limitations period ran for 273 between the date Hawkins' conviction became final and the date he filed the first state habeas petition. Thus, when that petition was dismissed on July 15, 2015, there remained 77 days, or until October 5, 2015, during which a § 2254 petition could have been filed timely.

8

that attorney Jackson would not be filing any documents in the state action Hawkins did not file his own motion for rehearing, and more importantly, he did not avail himself of the 77 days which remained during which he could have filed a timely § 2254 application.

Under these circumstances, Hawkins can fulfill neither of the criteria for equitable tolling of the limitations period. Because Mr. Jackson was never retained to represent Hawkins in the state habeas corpus proceeding, Hawkins' argument that Jackson's allegedly ineffective assistance constituted an extraordinary circumstance that prevented the timely filing of this petition is misplaced. Nor can Hawkins show that he diligently pursued his rights, since he had ample time remaining within which he could have filed a federal petition after his first state habeas application was denied, but he failed to do so. See Pace, 544 U.S. at 418; Valverde, 224 F.3d at 134. Thus, Hawkins' equitable tolling argument fails.

Hawkins also argues in his Brief in Opposition to Motion to Dismiss that the limitations period should be deemed to have commenced when his state postconviction litigation came to an end. [Dkt. No 12 at ¶¶18-24] In this, he is simply mistaken. The plain language of § 2244(d)(1) provides in relevant part that the one-year limitations period begins to run when "the judgment [of conviction] becomes final," rather than when any state collateral proceedings conclude. Thus, federal courts look to the date on which a state conviction is affirmed on direct review, rather than to the date a state court denies collateral relief, as the date on which the custody judgment becomes final for purposes of computing the limitations period. Wade v. Robinson, 327 F.3d 328, 333 n. 4 (4th Cir.), cert. denied, 540 U.S. 912 (2003). Here, then, as discussed above, the limitations period began to run on November 18, 2013, when the affirmance of Hawkins' conviction on direct appeal became final.

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition must be granted, and the petition will be dismissed, with prejudice, as time-barred. An appropriate Order and judgment shall issue.

Entered this  1st  day of  Feb.  2018.

_/s/ Claude M. Hilton_
United States District Judge

Alexandria, Virginia